THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**JONATHAN ARROYO**

    **Plaintiff,**

    **v.**

**EL PUEBLO DE PUERTO RICO, et al.**

    **Defendant.**

Civil No. 20-1582 (ADC)

## OPINION AND ORDER

On October 27, 2020, Jonathan Arroyo ("plaintiff") filed a complaint against the Government of Puerto Rico and others, a motion to proceed *in forma pauperis*, and a motion to appoint counsel.[1] **ECF Nos. 1, 2, 3**. Along with these filings, plaintiff submit a financial affidavit form in the Spanish language. **ECF No. 4**.

On March 19, 2020, the Clerk of Court issued a notice of defective filing whereby the Clerk of Court explained, both in the English and Spanish language, that plaintiff's "pleading or document is not in the English language and petitioner ha[s] not moved for permission to file pleading in the Spanish language. L.Civ.R. 5." **ECF No. 5**. Plaintiff did not respond. Three months later, the Clerk of Court issued plaintiff a second notice highlighting the defects in

---

[1] Other than signing his name and filling out the date and caption of the case, the petition contains no information whatsoever.

plaintiff's filings. **ECF No. 6**. This notice, too, was issued both in the English and Spanish language. *Id*. Once again, plaintiff did not respond.

Accordingly, on July 13, 2021, the Court entered an Order informing plaintiff that pursuant to Civ. R. 5(g) and 48 U.S.C. § 864, the Court was unable to entertain motions or pleadings in the Spanish language. The Court also instructed plaintiff as to the pleading standard set forth in Fed. R. Civ. P. 8 and pointed out that the complaint at **ECF No. 2** failed to meet those requirements. The Court granted plaintiff until July 28, 2021 to either refile his pleadings in the English language or move to file certified translations thereof, and to amend or supplement his complaint. Plaintiff was specifically warned that failure to comply could entail sanctions including dismissal of the action. **ECF No. 7**.

On July 15 and 19, 2021, respectively, the Clerk of Court issued two additional notices of defective filings. **ECF Nos. 9, 10**. To this date, however, plaintiff has failed to comply with such orders and notices.

Here, plaintiff filed a financial affidavit in support of his motion to proceed *in forma pauperis* and in support of his motion for appointment of counsel in the Spanish language. **ECF No. 4**. Thus, the Court is unable to entertain such statements. But that is not all. The application to proceed in forma pauperis, **ECF No. 1**, and the motion for appointment of counsel, **ECF No. 3**, are devoid of relevant information necessary to substantiate such requisites. Moreover, the complaint fails to state the grounds for the court's jurisdiction, it also fails to state a claim showing entitlement to relief or a demand for relief. **ECF No. 2.** These deficiencies were

explained to plaintiff in detail by the Court and by the Clerk of Court, as well as the consequences of failing to refile or submit certified translations of the documents in the Spanish language. **ECF No. 7**.

In total, plaintiff has been granted more than four months in unsolicited extensions of time to comply and has received five notices, both from the Court and from the Clerk of Court, about the need to rectify his filings. Plaintiff has not filed a single document in response to these notices and Orders from the Court. As a matter of fact, plaintiff has not prosecuted his case since the time when he first appeared before this Court on October 27, 2020.

Pursuant to 48 U.S.C. § 864, "[a]ll pleadings and proceedings in the United States District Court for the District of Puerto Rico shall be conducted in the English language." Local Rule 5(g) requires that "[a]ll documents not in the English language which are presented or filed, whether as evidence or otherwise, must be accompanied by a certified translation into English prepared by an interpreter certified by the Administrative Office of the United States Courts." The United States Court of Appeals for the First Circuit requires strict enforcement of the English language requirement where the untranslated document is key to the outcome of the proceedings. *Puerto Ricans for Puerto Rico Party v. Dalmau*, 544 F.3d 58, 67 (1st Cir. 2008). Allowing non-English document would be "at odds with the premise of a unified and integrated federal courts system." *Id.* Therefore, district courts should not consider such documents. *González–De–Blasini v. Family Department*, 377 F.3d 81, 89 (1st Cir.2004).

Plaintiff has failed to comply with 48 U.S.C. § 864, as well as L. Civ. R. 5(g), and this Court's Orders. The Court allotted plaintiff plenty of time to comply with this Court's English language rule and explicitly warned plaintiff of the consequences of failure to comply. Specifically, at **ECF No. 7** the Court explained that "[f]ailure to comply… may entail sanctions including but not limited to dismissal." *Id*.

Considering all the above, the fact that plaintiff's motions were filed in the Spanish language and the fact that plaintiff failed to comply with several notices of filing errors as well as this Court's Order, the Court cannot consider nor entertain plaintiff's request to proceed *in forma pauperis.* As such, dismissal of the case is warranted under 48 U.S.C. § 864. Moreover, plaintiff has failed to prosecute his case since his initial filing on October 2020 and has failed to comply with his Court's Order. **ECF No. 7**. Finally, plaintiff has neglected this Court's warnings regarding the complaint's insufficiency under Fed. R. Civ. P. 8.

Accordingly, the case is hereby dismissed without prejudice. **ECF No. 2**. Clerk of Court is to enter judgment dismissing the case accordingly.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 29th day of July, 2021.

                   **S/AIDA M. DELGADO-COLÓN**
                   **United States District Judge**